IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHELINDA MADISON, | § § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO.: |
| v. | | _____ |
| SOUTHEAST HEALTH HOSPITAL, Defendant. | | JURY DEMAND |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Shelinda Madison, brings this action under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, as well as attorneys fees and costs.

### II. JURISDICTION AND VENUE

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in Houston County,

Alabama, which is within the Southern Division of the Middle District of Alabama.

5. Plaintiff has satisfied all conditions precedent to the institution of this lawsuit, having timely filed a charge of discrimination with the Equal Employment Opportunity Commission ('EEOC') and received a Notice of Right to Sue.

### III. PARTIES

6. Plaintiff Shelinda Madison (hereafter "Plaintiff" or "Madison") is an individual over the age of nineteen (19) years and a resident of Dothan, Alabama.

7. Defendant, Southeast Health Hospital ('Defendant'), is a healthcare facility located in Dothan, Houston County, Alabama, and at all times relevant hereto employed more than fifteen (15) employees.

### IV. ADMINISTRATIVE EXHAUSTION

8. Madison timely filed her charge of discrimination based on the Title VII with the Equal Employment Opportunity Commission (hereafter "EEOC") within 180 days after the last discriminatory treatment. Madison further filed her discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### V. STATEMENT OF FACTS

9. Plaintiff, an African American female, was employed by Defendant as a Supervisor in the Environmental Services ('EVS') Department.

10. Plaintiff consistently performed her job duties in a satisfactory manner.

11. Despite her performance, Defendant terminated Plaintiff's employment on or about August 1, 2024.

12. The reason provided to Maddison for her termination was that she sat down after clocking in.

13. Plaintiff observed that non-African American Supervisors were treated more favorably. Specifically, white Supervisors such as Cameron Cody Miller left the facility multiple times per day to go to his vehicle without facing discipline.

14. Similarly, Macy Tolentino, a non-black Supervisor, often left the premises without disciplinary action.

15. In contrast, Plaintiff was terminated for a minor infraction—sitting down after clocking in—demonstrating disparate treatment based on race.

16. After her termination, Plaintiff contacted Jennifer Gaines, Defendant's Vice President, who acknowledged that Plaintiff's termination 'did not seem right.

17. Despite this acknowledgment, Defendant did not reinstate Plaintiff or otherwise remedy the discrimination.

## VI. CAUSES OF ACTION

### A. RACE DISCRIMINATION IN VIOLATION OF TITLE VII

18. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Defendant subjected Plaintiff to discrimination based on her race,

African American, by terminating her employment under circumstances where non-African American employees were treated more favorably.

20. Defendant's actions constitute unlawful discrimination on the basis of race in violation of Title VII.

21. As a proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, embarrassment, and other damages.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate Title VII;

B. Order Defendant to make Plaintiff whole by awarding her reinstatement, or in alternative, front pay, with back pay, compensatory damages, punitive damages, and benefits she would have received but for the unlawful discrimination;

C. Award Plaintiff her cost, including reasonable attorneys' fees, expert witness fees, and other cost associated with this action'

D. Award such other and further relief as the Court deems just and proper.

Dated: April 29, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**